**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| ERIC D. BATTLE | ) |
| 810 Oriole Avenue | ) |
| Glen Burnie, Maryland 21060 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| STEVEN T. MNUCHIN, Secretary, | ) |
| U.S. Department of Treasury | ) **Jury Demanded** |
| 1500 Pennsylvania Avenue, N.W. | ) |
| Washington, DC 20220 | ) |
| | ) |
| Serve:  Hon. Jeff Sessions, | ) |
| Attorney General of the United States | ) |
| United States Department of Justice | ) |
| 950 Pennsylvania Avenue, N.W. | ) |
| Washington, DC 20530-0001 | ) |
| | ) |
| Serve:  Hon. Jessica Liu, | ) |
| U.S. Attorney for the District of Columbia | ) |
| United States Attorney's Office | ) |
| 555 Fourth Street, N.W. | ) |
| Washington, DC 20530 | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

The Plaintiff, Eric D. Battle, by and through undersigned counsel, hereby files suit

against the named Defendant for the causes of action stated as follows:

## INTRODUCTION

1. Plaintiff Eric D. Battle ("Plaintiff" or "Mr. Battle") brings this civil action

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.

§ 2000e, *et seq*.; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; for relief from

discrimination based on race (African American) and color (Brown) for a discriminatory non-selection.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3).  Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and presents a question of federal law.  28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

3.   Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).  Secretary Mnuchin is an officer of the Department of Treasury, which is headquartered in the District of Columbia.  Secretary Mnuchin performs a significant amount of his official duties in the District of Columbia and resides, for the purposes of venue, within the District of Columbia.  *See, e.g., Bartman v. Cheney*, 827 F.Supp. 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in the District of Columbia for the purposes of 28 U.S.C. § 1391).

## PARTIES

4.   Mr. Battle is currently domiciled at 810 Oriole Avenue, Glen Burnie, Maryland 21060.  At all relevant times, Mr. Battle has been an employee of the United States Department of Treasury, Bureau of Printing and Engraving.  Mr. Battle is a resident of Anne Arundel County, Maryland and a United States citizen.

5.   Secretary Mnuchin is being sued in his official capacity as the Secretary for the United States Department of Treasury.  The United States Department of Treasury is a federal agency that promotes financial stability by reviewing financial systems to measure and analyze risks, perform research, and collect and standardize financial data.

The mission of the Bureau of Engraving and Printing is to develop and produce United States Currency notes.

6.   Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

### EXHAUSTION OF REMEDIES

7.   Mr. Battle has exhausted all of his administrative remedies.

8.   On or about January 23, 2018, Mr. Battle timely contacted an EEO counselor and subsequently filed an informal and formal complaint of discrimination based on his race and color for a discriminatory non-selection.

9.   On or about July 24, 2018, the Defendant issued its final decision providing Mr. Battle with 90 calendar days from receipt of that decision to file a federal court complaint.

### FACTS

10. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

11. Mr. Battle (African American, Brown) has been employed since August 2010 with the United States Department of Treasury, Bureau of Engraving and Printing ("BEP").

12. From August 2013 to January 2018, Mr. Battle had been the Pressperson Acting Assistant Supervisor, WE-4406-11, with the Cope-Pak / Offset Division of the BEP.

13. In addition to being tasked as the Activing Assistant Supervisor, Mr. Battle successfully led the 5S campaign in Cope-Pak / Offset Division in October 2014.

14. In 2013, Mr. Battle was tasked with leading the NEXGEN $100 project, which required him to consult and coordinate with management and staff in the Texas facility on issues they encountered while printing the new bank note.

15. While Acting Assistant Supervisor, Mr. Battle's first-level supervisor was Mr. Ernest Martinez (Pressroom Supervisor) and his second-level supervisors were Mr. Robert Bernhard (Division Manager) and Mr. David Hatch (Chief, Office of Currency Manufacturing).

16. In November 2017, the BEP advertised three (3) vacancies in Vacancy Announcement 18-BEP-2 for the Pressperson (Offset) Assistant Supervisor, WE-4406-11, position in the Eastern Currency Facility ("ECF"), Offset / LEPE Division. The Announcement required public or private sector experience in the "ability to lead or supervise."

17. The "major duties" listed in the Vacancy Announcement are the same duties that Mr. Battle had been successfully performing for five (5) years in his capacity as Acting Pressperson Assistant Supervisor.

18. Mr. Battle applied to that Vacancy Announcement and was provided with an in-person interview on January 9, 2018.

19. After the interview, Mr. Battle was determined to be one of four best qualified candidates.

20. In December 2017, an interview panel was picked and convened by Kristopher Dethloff (Division Manager).  Mr. Dethloff (Caucasian, White) also prepared the interview questions.

21. The interview panel consisted of three members: Scott Green (Office of Engraving Chief), John Bernhard (Pressperson Assistant Supervisor, LEPE) and Thomas Fleming (Assistant Supervisor, Offset).  Mr. Scott Green was the panel chair.

22. Mr. David Hatch (Caucasian, White) was the selecting official.

23. Mr. Bernard, Mr. Fleming and Mr. Hatch are each Caucasian and White, and Mr. Green is African American and Black.  Each were aware of Mr. Battle's race and color prior to him being interviewed, referred and ultimately not selected for the Assistant Supervisor position.

24. In his capacity as panel chair, Mr. Green recommended that Mr. Battle be included on the selection referral list because his interview score was close to the top and "none of the applicants were very well versed in being interviewed."

25. The interview panel conducted several in-person interviews over the course of two days in early January 2018.

26. The interview panel ultimately referred four candidates, including Complainant and the three (3) selectees, to the selecting official, Mr. Hatch.

27. After receiving the interview panels' recommendation, Mr. Hatch also consulted with Mr. Dethloff and Mr. Wayne Winebrenner (Caucasian, White) to discuss whom he should select.

28. Mr. Dethloff was aware of Mr. Battle's and the selectees' race and color when making his selection recommendation to Mr. Hatch.

29. On or about January 23, 2018, Mr. Battle learned that he was not-selected for the Assistant Supervisory position and that Mr. Mark Agambar (Caucasian, White), Mr. Jason Molino (Caucasian, White) and Mr. Christopher Tabor (Caucasian, White) were selected to fill the Vacancy Announcement.

30. This is Mr. Battle's fourth time being passed over for promotion.  He was told by that in the past that he was not promoted because he had less leadership skills than the selectees.   In this case, Mr. Battle had substantially more leadership skills than Mr. Agambar, Mr. Molino or Mr. Tabor but was still not promoted.

31. Mr. Battle had substantially better qualifications than Mr. Agambar, Mr. Molino or Mr. Tabor.  Mr. Battle had been successfully performing the same duties required for this position for five (5) years, had more organizational knowledge, was on time for his interview, had more leadership experience, had successfully completed the Supervisor Training Program, had a higher performance appraisal, had taken multiple leadership courses, has a college degree, supervised each of the three shifts, and had extensive leadership experience a private top-printing manufacturer.

32. Even after his non-selection, Mr. Battle was once again assigned to be the Acting Assistant Supervisor to cover for the a current supervisor's absence because the newly promoted (and less qualified) Assistant Supervisor could not cover since he was not trained and could not perform the duties of an Assistant Supervisor.

33. BEP also has a practice of promoting white, Caucasian Acting Assistant Supervisors to Assistant Supervisors positions without requiring them to compete for the position.   Upon information and belief, Mr. Fleming was promoted to Assistant Supervisor without applying or interviewing for that position when he was the Acting

Assistant Supervisor.  However, Mr. Battle was required to apply and interview for the Assistant Supervisor position.

34. Racial diversity is not a priority or an encouraged practice with the leadership as evidenced from historically promoting substantially more Caucasian and White employees over African-American employees in the Cope-Pak / Offset Division.

35. Since 2010, approximately thirteen (13) less qualified White, Caucasian employees have been promoted over Mr. Battle.

## CAUSES OF ACTION

### COUNT ONE
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq*.**
**(Employment Discrimination on the Basis of Race)**

36. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

37. Plaintiff is an African American and, as such, is a member of a protected class.

38. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to non-African American employees that Defendant employed.

39. Defendant has subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein (*i.e*., non-selection), and otherwise deprived Plaintiff of his rights enjoyed by his non-African American coworkers.

40. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

41. The reason(s) proffered for Defendant's unlawful conduct, including the selectee being more qualified than Plaintiff, is not legitimate and would be pretext for its discriminatory conduct.

42. Defendant knew that Plaintiff is an African-American prior to the discriminatory non-selection.

43. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (African-American).

44. Defendant has limited, segregated and classified Plaintiff in a way that deprives his of employment opportunities and otherwise adversely affects his status as an employee because of his race (African-American).

45. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

46. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (African-American).

47. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

48. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Defendant's treatment and actions were ongoing.

49. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT TWO
### Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 2000e, *et seq*.
### (Employment Discrimination on the Basis of Color)

50. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

51. Plaintiff is a brown-skinned African American and, as such, is a member of a protected class.

52. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to lighter-skinned employees that Defendant employed.

53. Defendant has subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein (*i.e*., non-selection), and otherwise deprived Plaintiff of his rights enjoyed by his lighter-skinned coworkers.

54. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

55. The reason(s) proffered for Defendant's unlawful conduct, including the selectee being more qualified than Plaintiff, is not legitimate and would be pretext for its discriminatory conduct.

56. Defendant knew that Plaintiff is a brown-skinned African-American prior to the discriminatory non-selection.

57. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his color (brown-skinned).

58. Defendant has limited, segregated and classified Plaintiff in a way that deprives his of employment opportunities and otherwise adversely affects his status as an employee because of his color (brown-skinned).

59. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

60. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his color (brown-skinned).

61. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

62. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Defendant's treatment and actions were ongoing.

63. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.  Award compensatory damages as permitted by statute;

    b.  Award lost wages (back pay / front pay) with interest;

    c.  Award Plaintiff be assigned to the same or substantially position;

    d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

    e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

    f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    g.  Supervisory training for the supervisors at issue herein;

    h.  Award equitable, declaratory, and injunctive relief; and

    i.  Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

64.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

65.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its respective agents, servants and employees.

    **WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

b.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.  Supervisory training for the supervisors at issue herein; and

d.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

66. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*A Marques Pitre, Esq.*

_____
A. MARQUES PITRE, Partner
(DC Bar No. 503119)
Pitre & Associates, LLC.
Ronald Reagan Building and
International Trade Center
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
Phone: 202-204-3006
Direct: 202-840-6797
Email: ampitre@ampitreassociates.com

*Counsel for Plaintiff*